FILED
SUPERIOR COURT
OF GUAM

2022 OCT -4 PM 4: 08

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOEY C.G. MENDIOLA, | Domestic Case No. DM0266-15 |
| Plaintiff, | |
| v. | DECISION AND ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION TO ENFORCE CUSTODY ORDER |
| SHEERA M.B. MENDIOLA (*aka* SHEERA M.T. BLAS), | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Elyze M. Iriarte, sitting on behalf of the assigned judge, Presiding Judge Alberto C. Lamorena III, on July 20, 2022, for hearing on Plaintiff Joey C.G. Mendiola's *Ex Parte* Motion to Enforce Custody Order. Attorney Daron Berman represents Joey C.G. Mendiola, and Attorney Anthony Perez represents Sheera M.B. Mendiola (*aka* Sheera M.T. Blas). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Plaintiff's Motion.

### BACKGROUND

Joey and Sheera (collectively, "the Parties") married in 2008 and separated in 2014 due to irreconcilable differences. *See* Interlocutory J. Divorce, Marital Settlement Agreement ("MSA) (Oct. 10, 2016). The Parties have one minor child from their marriage, J.B.M. (DOB: 06/09/2011). Sheera currently lives in Guam while Joey lives in Alaska. *See* Mot. to Modify Custody at 2 (Mar. 22, 2022).

In the Parties' MSA, they agreed to joint physical custody of J.B.M. on an alternating annual basis, so long as the Parties lived at least 100 miles apart from one another. *Id.* at 2-3. The changeover was scheduled over each summer break while J.B.M. was out of school. *Id.* at 3.

J.B.M. spent school years 2018-19 and 2019-20 under Sheera's custody in Guam. *See* Mot. Modify Custody at 3 (Mar. 22, 2022). J.B.M. then spent school year 2020-21 under Joey's custody in Alaska. *Id.* at 3. J.B.M. then returned to Sheera's custody in Guam for school year 2021-22. *Id.* at 3. Per the terms of their MSA, Joey was to regain custody this summer through school year 2022-23. *See* MSA at 3 (Oct. 10, 2016).

However, on March 22, 2022, Sheera moved to modify custody. Sheera seeks primary custody of J.B.M., with Joey having visitation in the summer for a two-week period. *See* Mot. Modify Custody at 5. Sheera believes Joey breached the terms of their MSA, claiming that Joey physically and emotionally abused J.B.M., while preventing communications between J.B.M. and Sheera. *Id.* at 2-3. Sheera claims this abusive behavior has caused J.B.M. to become withdrawn, depressed, and angry. *Id.* at 3.

Joey denies abusing J.B.M. in any way, and claims to have never restricted J.B.M.'s communications with Sheera. *See* Opp. to Mot. Modify Custody at 2 (Apr. 20, 2022). Joey claims no changed circumstances exist to justify a custody change. *Id.* at 3.

On July 18, 2022, Joey filed his *Ex Parte* Motion to Enforce Custody Order. Joey asked that the Court enforce the MSA which provides Joey custody over J.B.M. for the upcoming 2022-23 school year. *See Ex Parte* Mot. at 2 (July 18, 2022). Joey stated his intentions to exercise custody over J.B.M. and bring J.B.M. to Alaska with him later that month. *Id.* at 2.

The Court held a hearing on July 20, 2022 relative to the *Ex Parte* Motion, and heard from the minor in camera. The Court denied Plaintiff's *Ex Parte* Motion from the bench and memorializes its decision herein.

## DISCUSSION

### I. Legal Standard:

"Any custody award shall be subject to modification or change whenever the best interests of the child require or justify such modification or change." *See* 19 G.C.A. §8404(1)(f). However, "to justify ordering a change in custody there must generally be a persuasive showing of changed circumstances affecting the child." *See Lanser v. Lanser*, 2003 Guam 14 at ¶ 9 FN2 (internal citations omitted).

When circumstances justify modifying past custody awards, the Court will consider "the best interest of the child" when issuing its new custody decision. *See* 19 G.C.A. § 8404(1)(a). The Court will also consider the child's "wishes as to custody", so long as the "child is of sufficient age and capacity to reason, as to form an intelligent preference." *See* 19 G.C.A. § 8404(1)(c).

II.  **Application:**

The Court's sole focus is on Joey's *Ex Parte* Motion to Enforce Custody Order, as Sheera's Motion to Modify Custody remains pending.

Circumstances indicate that enforcing the MSA is not in J.B.M.'s best interests. J.B.M. provided testimony to the Court that he prefers living in Guam over Alaska. J.B.M. carefully articulated several reasons justifying his preference--ranging from the stress he perceives while under his father's custody, how the exchanges "mess with his mind," how his father's custody creates anger issues within him, as well as the positives of being in Guam including his involvement in social activities and Sheera's parenting style. J.B.M. showed sufficient age and capacity to form an intelligent preference, so the Court respects J.B.M.'s decisions and beliefs that staying in Guam (at least temporarily while the Motion to Modify Custody remains pending) is in his best interests.

### CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's *Ex Parte* Motion. J.B.M. will remain in Sheera's custody on Guam, at least until Sheera's Motion to Modify Custody is decided upon.

**IT IS SO ORDERED** this 4 October 2022 *nunc pro tunc* to July 20, 2022.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
_Bermeh_
_Perez_
Date: _10/4/22_ Time: _4:25pm_
_an_
Deputy Clerk, Superior Court of Guam

_[signature]_
**HONORABLE ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**